UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BANKERS HEALTHCARE
GROUP, LLC,                                                  5:19-cv-3
                        Plaintiff,                           (GLS/DEP)

              v.

**TRELLA K. CAMPBELL,** d/b/a
Trella K. Campbell, O.T., **et al.,**

                        **Defendants.**
_____

## SUMMARY ORDER

On January 2, 2019, *pro se* defendants Trella K. Campbell, d/b/a Trella K. Campbell, O.T., and William B. Campbell, III. removed this action, which was originally filed against them by plaintiff Bankers Healthcare Group, LLC (BHG) in Supreme Court in Onondaga County. (Dkt. No. 1.) At the time of removal, defendants submitted that "the . . . removal prerequisites have been satisfied," and "[p]ursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of New York, County of Onondaga, and written notice is being provided to [p]laintiff." (*Id.* at 4 (capitalization and emphasis omitted).) Defendants also filed low-quality pictures of the relevant state court pleadings that were not entirely legible. (Dkt. No. 2.) This filing

included the agreement that defendants allegedly breached, which was attached to the verified complaint filed in Supreme Court. (*Id.* at 8-11.) However, the text of the agreement is indecipherable in the provided copies. (*Id.*)

BHG's attorney filed a notice of appearance on January 17, 2019. (Dkt. No. 8.) After defendants failed to answer or present a defense within the time allotted under Fed. R. Civ. P. 81(c), the court ordered BHG to request a clerk's entry of default. (Dkt. No. 9.) BHG did so on January 25, 2019, (Dkt. No. 10), and the Clerk entered the default the same day, (Dkt. No. 11). On February 27, 2019, BHG filed the pending motion for a default judgment. (Dkt. No. 13.) This filing included the first legible copy of the underlying agreement. (*Id.*, Attach. 1 at 5-7.)

On April 2, 2019, defendants filed an untimely response in opposition to plaintiff's motion for default judgment, which included a motion to set aside entry of default and a cross-motion to dismiss for lack of personal jurisdiction. (Dkt. No. 15.) Defendants argue that the entry of default should be set aside and their belated response excused because they "are proceeding *in pro se* [sic] and did not understand that they were required to answer when they dispute the [c]ourt's jurisdiction over them." (*Id.* at 2.)

2

In response, BHG objects to defendants' belated filing and requests that (1) "the [c]ross-[m]otion be dismissed as improperly filed[,] . . . the opposition to the [m]otion for [d]efault [j]udgment be disregarded as untimely filed[,] and the request for default judgment proceed as previously submitted" or (2) "an extension of time to properly respond to both the opposition to the instant motion and the request to set aside the entry of default and the cross-motion to dismiss, along with an extension of time to file opposition to the [n]otice to [r]emove." (Dkt. No. 18 at 2.)

Under Fed. R. Civ. P. 55(c), the court may set aside an entry of default "for good cause."

> Although courts include the grounds for relief from default judgments provided in Rule 60(b) in the concept of "good cause," they note that this concept is broader and more liberal than any of the Rule 60(b) grounds, and that, therefore, not as much is demanded to vacate a default entry as what would be required to set aside a default judgment.

*In re Enron Corp.*, No. 01–16034, 2006 WL 897863, at *2 (Bankr. S.D.N.Y. Feb. 16, 2006) (collecting cases). That is, "[e]ven inexcusable neglect under Rule 60(b) will not necessarily preclude good cause under Rule 55(c)." *Id.* (internal citations omitted). Ultimately, the court must consider "whether the default was willful, whether setting it aside would prejudice the

3

adversary, and whether a meritorious defense is presented." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981); *see In re Martin-Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985) ("[I]n order to set aside a default, the defaulting party must present a meritorious defense demonstrating that if relief is granted the outcome of the suit may be different than if the entry of default . . . is allowed to stand.") (internal quotation marks and citation omitted). Furthermore, it is "well settled that voidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge [even] after entry of a default judgment," and "a motion to vacate a default judgment as void may be made at any time." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123-24 (2d Cir. 2008) (internal quotation marks and citations omitted).

Ancillary to this analysis is defendants' apparent waiver of their right to challenge personal jurisdiction. That is, a review of the agreement attached to BHG's complaint reveals that Throughly Campbell agreed that "[v]enue for any action brought hereunder[] shall be the choice of the [c]reditor, and shall be limited to . . . Onondaga County, New York" and "to submit to the personal jurisdiction of the appropriate court in the State of New York, Onondaga County . . . . for all such disputes." (Dkt. No. 13,

4

Attach. 1 at 6.) Likewise, as personal guarantors, Throughly Campbell and William Campbell agreed to the same conditions. (*Id.* at 7.) Although defendants dispute signing or executing any agreement with BHG "in the State of New York," (Dkt. No. 15 at 13-14 ¶ 5, 16 ¶ 6[1]), they stop short of asserting that they did not enter the agreement attached to BHG's complaint, (*id.* at 13-17).

    This seems to sink defendants' arguments regarding lack of personal jurisdiction because "[p]arties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (internal citations omitted). Such clauses are regularly enforced if "the existence of the clause was reasonably communicated to the parties," and "the clause was [not] obtained through fraud or overreaching." *Id.* (internal quotation marks and citations omitted). "When a forum selection clause is found valid and enforceable, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n. v. Am. Boat Co.*, No. 11 Civ. 6804, 2012 WL 527209, at *2 (S.D.N.Y. Feb. 17, 2012).

---

[1] This citation refers to the CM/ECF-generated page numbers.

Additionally, defendants appear to have waived their right to remove any properly-filed state court action. (Dkt. No. 13, Attach. 1 at 6, 7); *see Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) ("Parties are free to bind themselves to forum selection clauses that trump what would otherwise be a right to remove cases to federal courts.") (internal citations omitted). However, BHG has not addressed this contractual language or developed its recent assertion that defendants failed to provide them written notice of removal or file the proper notice in Supreme Court. (Dkt. No. 18.) As a result, BHG may have waived its right to remand. *See Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) ("[A]ll motions for remand-except those based on lack of subject matter jurisdiction-must be made within [thirty] days after removal or they are waived.") (internal citations omitted).

Given that neither party has addressed the contractual language identified above, further elucidation is necessary before the court can make an informed decision on the pending motions. As such, BHG's alternative request for an extension to respond to defendants' papers is granted, (Dkt. No. 18 at 2); the court also grants defendants an opportunity to address the issues outlined above, as well as BHG's subsequent arguments.

Accordingly, it is hereby

**ORDERED** that, on or before April 30, 2019, BHG shall file a supplemental brief, not to exceed ten (10) pages in length, addressing defendants' pending motion, as well as the issues identified above; and it is further

**ORDERED** that, on or before fourteen (14) days from the filing of BHG's supplemental brief, defendants shall file a supplemental brief, not to exceed ten (10) pages in length, addressing BHG's arguments, as well as the issues identified above; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 24, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge