UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BANKERS HEALTHCARE
GROUP, LLC,

     Plaintiff,

5:19-cv-3
(GLS/ML)

   v.

TRELLA K. CAMPBELL et al.,

     Defendants.
_____

## SUMMARY ORDER

On January 2, 2019, *pro se* defendants Trella K. Campbell, d/b/a Trella K. Campbell, O.T., and William B. Campbell, III removed this action, which was originally filed against them by plaintiff Bankers Healthcare Group, LLC (BHG) in Supreme Court in Onondaga County, (Dkt. No. 1), and alleges claims sounding in breach of contract, (Dkt. No. 2). BHG's attorney filed a notice of appearance on January 17, 2019. (Dkt. No. 8.) After defendants failed to answer or present a defense within the time allotted under Fed. R. Civ. P. 81(c), the court ordered BHG to request a clerk's entry of default. (Dkt. No. 9.) BHG did so on January 25, 2019, (Dkt. No. 10), and the Clerk entered the default the same day, (Dkt. No. 11). On February 27, 2019, BHG filed a motion for a default judgment.

(Dkt. No. 13.) On April 2, 2019, defendants filed an untimely response in opposition to plaintiff's motion for default judgment, which included a motion to set aside entry of default and a cross-motion to dismiss for lack of personal jurisdiction. (Dkt. No. 15.) On April 24, 2019, the court issued a Summary Order directing the parties to file further briefing on certain issues prior to making its determination on the motions. (Dkt. No. 19.) Thereafter, BHG filed a supplemental brief, (Dkt. No. 20), but defendants did not file a response, nor any other supplemental papers. On August 19, 2019, the court denied defendants' cross-motion to dismiss, and granted BHG's motion for default judgment. (Dkt. No. 22.) Now pending before the court is defendants' motion to vacate the default judgment pursuant to Fed. R. Civ. P. 60(b). (Dkt. No. 25.) For the following reasons, the motion is denied.

Fed. R. Civ. P. 60(b) authorizes a court to "grant a motion for relief from a judgment on the ground[s] of '[mistake, inadvertence, surprise, or] excusable neglect,' Fed. R. Civ. P. 60(b)(1), or for 'any other reason justifying relief from the operation of the judgment,' Fed. R. Civ. P. 60(b)(6)." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Motions to vacate default judgments are "addressed to the sound discretion of the

2

district court," and such determination is to be guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *Id.* (citations omitted). These are the same factors to be considered when deciding a motion to set aside a default under Fed. R. Civ. P. 55(c), but "courts apply the factors more rigorously in the case of a default judgment because the concepts of finality and litigation repose are more deeply implicated in [that] action." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citation omitted).

The party seeking to vacate the default judgment, "bear[s] the burden of demonstrating that their default was not willful, that they have meritorious defenses, and that no prejudice would result from reopening the judgment." *State Street Bank and Trust Co. v. Inversiones Errazuriz, Limitada*, 230 F. Supp. 2d 313, 316 (S.D.N.Y. 2002) (citing *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). "This burden is not trivial: if the moving party fails to make even one of the three aforementioned showings, vacatur should be denied." *Id.* (citation omitted).

Defendants argue that the default judgment should be set aside

3

pursuant to Rule 60(b)(1) "on the basis of mistake regarding the [c]ourt's procedures and excusable neglect in failing to timely file a responsive pleading," or, in the alternative, on the basis of Rule 60(b)(6), because they "have valid defenses to the case brought by [BHG] on the merits." (Dkt. No. 25 at 5-9.) In response, BHG argues that defendants' *pro se* status is an insufficient basis for the court to find mistake, and defendants were given ample opportunities to challenge jurisdiction and proceed on the merits. (Dkt. No. 26 at 4-5.) BHG further maintains that the court has already found that the defendants do not have any meritorious defenses to this action, and, in any event, defendants' arguments about not having signed a valid agreement with BHG are vague and general, and thus defendants have failed to meet their burden on a motion to vacate the default judgment. (*Id.* at 6-8.) The court agrees with BHG.

In advancing the grounds of "mistake regarding removal procedures and the requirements that apply to parties," and "excusable neglect in not complying with the strict removal procedures requiring a [timely] response," defendants argue that the motion to vacate should be granted because of "the complexity of the procedures at issue, [and] their pro se status." (Dkt. No. 25 at 6-8.) Although Rule 60(b) governs final judgments and

4

authorizes a district court to "relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect," defendants cannot "rely upon their *pro se* status, or lack of legal sophistication, as a basis for relief under Rule 60(b)(1)." *Manney v. Intergroove Tontrager Vertriebs GMBH*, No. 10 CV 4493, 2012 WL 4483092, at *3 (E.D.N.Y. Sept. 28, 2012) (citations omitted); *see Solomon v. 318 Fashion, Inc.*, No. 93 Civ. 7699, 1994 WL 702008, at *1 (S.D.N.Y. Dec. 14, 1994) ("[A] pro se [party's] unfamiliarity with the legal system or ignorance of the law [does not] constitute excusable neglect within the meaning of [Rule 60(b)(1)]." (citation omitted)).  As such, this argument fails.

Defendants' contention that they have a meritorious defense is also unavailing.  Defendants maintain that "no valid signature on the agreement exists," and they "did not execute the agreement" attached to BHG's complaint; they "were sold a very different loan [that was not consummated in writing], which sales tactics were recorded by [d]efendants in telephone conversations," and such "conversations included representations wholly at odds with the terms of the contract that [BHG] has advanced to this [c]ourt." (Dkt. No. 25 at 6, 9.)  Defendants submit no credible evidence in support of these assertions.  *See State Farm Mut. Auto. Ins. Co. v. Cohan*, 409 F.

App'x 453, 456 (2d Cir. 2011) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but he must present credible evidence of facts that would constitute a complete defense." (citing *Enron*, 10 F.3d at 98 (2d Cir. 1993)); *Sony Corp.*, 800 F.2d at 320-21 ("Although in an answer general denials normally are enough to raise a meritorious defense, the moving party on a motion to reopen a default must support its general denials with some underlying facts."). Because defendants' assertions "amount[] to little more than conclusory denials," they are insufficient to show the existence of a meritorious defense.[1]  *See New York v. Green*, 420 F.3d 99, 109-10 (2d Cir. 2005)

Finally, defendants fail to satisfy the requirements for relief pursuant to Rule 60(b)(6).  Rule 60(b)(6) "provides, in relevant part, that on such

---

[1] To the extent defendants contend that the court "never addressed" their previous argument that they "did not execute any valid agreement with [BHG]," (Dkt. No. 25 at 3), such assertion plainly ignores the history of this case.  Specifically, after defendants cross-moved to dismiss for lack of personal jurisdiction, (Dkt. No. 15), the court, in its April 24, 2019 Summary Order, identified perceived weaknesses in defendants' arguments, and noted that defendants "stop[ped] short of asserting that they did not enter the agreement attached to BHG's complaint," and allowed for further briefing on the issue of whether defendants submitted to the court's personal jurisdiction through an express contract.  (Dkt. No. 19 at 3-7.)  Thereafter, BHG filed a supplemental brief, (Dkt. No. 20), but defendants did not file any supplemental papers.  Accordingly, on August 19, 2019, the court denied defendants' cross-motion to dismiss, and granted BHG's motion for default judgment, explaining, among other things, that defendants failed to present a meritorious defense or otherwise demonstrate good cause to set aside the entry of default.  (Dkt. No. 22.)

6

terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for . . . any other reason . . . justifying [such] relief." *Pena v. Travis*, No. 1:03CV0564, 2005 WL 1843264, at *3 (N.D.N.Y. Aug. 2, 2005) (internal quotation marks and citation omitted). "Rule 60(b)(6) is not to be used 'if there is any other reason [under categories (1) through (5) ] justifying relief from the judgment.'" *Id.* at *3 n.5 (quoting *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55-56 (2d Cir. 1989)). Here, the grounds stated, which purport to be "mistake" and "excusable neglect," are covered under 60(b)(1), and thus 60(b)(6) cannot provide relief. *See Maduakolam*, 866 F.2d at 55-56. In any event, defendants do not allege any extraordinary circumstances. *See Manney*, 2012 WL 4483092, at *5 ("A party seeking to avail itself of the relief under Rule 60(b)(6) must demonstrate that extraordinary circumstances warrant relief." (internal quotation marks and citations omitted)); *Pena*, 2005 WL 1843264, at *3 ("[R]elief under [Rule 60(b)(6)] is appropriate only in cases presenting extraordinary circumstances." (internal quotation marks and citations omitted)).

Based on the foregoing, defendants have failed to establish that they are entitled to relief under Rule 60(b), and the motion to vacate is denied.

7

Accordingly, it is hereby

**ORDERED** that defendants' motion to vacate (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 5, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge